| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority _____<br>Send _____<br>Enter _____<br>Closed _____<br>JS-5/JS-6 _____<br>Scan Only _____ |
|---|---|---|

**CASE NO.:** <u>CV 14-09674 SJO (JCx)</u>    **DATE:** <u>January 26, 2015</u>

**TITLE:**    <u>Young Star Toys and Gifts, Inc. et al. v. Nautilus Insurance Company</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES**

This matter is before the Court on its own motion. On November 13, 2014, Plaintiffs Young Star Toys and Gifts, Inc. ("Young Star") and Brian Quoc Yang ("Yang") (collectively, "Plaintiffs") initiated the instant action in the Superior Court of California for County of Los Angeles. (*See generally* Notice of Removal ("Notice"), ECF No. 1, Ex. A ("Compl."), ECF No. 1-1.) In the Complaint, Plaintiffs allege that Defendant breached its insurance policy with Plaintiffs (the "Policy") when it refused to defend and indemnify them against lawsuits alleging various claims related to copyright and trademark infringement. (Compl. ¶¶ 9, 11-13, 16.) Accordingly, Plaintiffs brought three causes of action against Defendant for: (1) breach of written contract (Compl. ¶¶ 19-23); (2) breach of implied covenant of good faith and fair dealing (Compl. ¶¶ 24-28); and (3) declaratory relief. (Compl. ¶¶ 29-31). On December 18, 2014, Defendant removed the matter to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Here, Defendant argues that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice ¶ 4.)

**CASE NO.:** CV 14-09674 SJO (JCx)    **DATE:** January 26, 2015

Diversity jurisdiction requires: (1) complete diversity, so that each plaintiff is a citizen of a different state from each defendant; and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). For purposes of diversity, corporations are citizens of their state of incorporation and the state in which they have their principal place of business, 28 U.S.C. § 1332(c), and individuals are citizens of their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, Defendant asserts that complete diversity of citizenship exists because Plaintiff Young Star is California corporation with its principal place of business in Los Angeles County, California, Plaintiff Yang is an individual residing in California, and Defendant is an Arizona corporation with its principal place of business in Arizona. (Notice ¶ 5.) Because both Plaintiffs are citizens of a different state from Defendant, Defendant has established that complete diversity exists. *See Munoz*, 644 F.2d at 1365.

However, diversity jurisdiction also requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Further, as indicated in this Court's Initial Standing Order ("ISO"), "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). (*See* ISO ¶ 15, ECF No. 12.) Per *Matheson*, this Court will consider facts presented in the removal petition as well as summary judgement-type evidence relevant to the amount in controversy at the time of removal. *See id.* (ISO ¶ 15.) "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090-91. (ISO ¶ 15.)

Here, Defendant baldly asserts, without any supporting facts or evidence, that the "amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that [Plaintiffs'] prayer includes compensatory damages, consequential and/or incidental damages, attorney[s] fees and costs, and punitive damages." (Notice ¶ 6.) Indeed, Plaintiffs request this relief. (*See* Compl. 7.) However, nowhere in the Complaint do Plaintiffs indicate the amount of damages of any type that they seek. (*See generally* Compl.) Further, Defendant failed to include the lawsuits against Plaintiffs, apparently attached to the original complaint as Exhibits 2 and 3, (*see* Compl. ¶¶ 11-12), with the Notice and Complaint filed in this Court. (*See generally* Notice; Compl.) Thus, the lawsuits cannot be used to support Defendant's contention that the amount in controversy exceeds $75,000. Finally, Plaintiff alleges that the Policy provides a $1,000,000 limit on Young Star's coverage, which allegedly encompasses the third party lawsuits filed against it. (Compl. ¶ 10.) Neither Plaintiffs nor Defendant allege, however, that the $1,000,000 coverage limit, or any amount near this limit, is the amount in controversy. (*See generally* Notice; Compl.) Rather, Defendant asserts, with no factual or evidentiary support, that the amount in controversy exceeds the statutory requirement. (*See generally* Notice.) This conclusory allegation is insufficient to establish jurisdiction. *See Matheson,* 319 F.3d at 1090-91. (ISO ¶ 15.)

**JS-6**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

__ : __

**CASE NO.:** CV 14-09674 SJO (JCx)   **DATE:** January 26, 2015

The Court's ISO requires that parties "file an Amended Complaint or Notice of Removal within **fifteen days from the date the action was assigned to Judge Otero** if there is a doubt as to whether . . . they have established the amount in controversy."  (ISO ¶ 15) (emphasis in original). The ISO also admonishes litigants that "[f]ailure to comply may result in dismissal or remand." (ISO ¶ 15.)  The instant matter was assigned to this Court on December 18, 2014.  (ECF No. 8.) Though Defendant sought to have the case transferred to another judge, (see ECF No. 5), that request was declined on December 23, 2014.  (See ECF No. 14.)  Based on either date, more than 15 days have elapsed since the date the instant action was assigned to this Court, and Defendant has failed to file an amended Notice properly establishing the amount in controversy. Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County.  This action shall close.

IT IS SO ORDERED.